**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| JOHN DOE 1 – JOHN DOE 10, | § | |
|     Plaintiffs | § | |
| | § | |
| V. | § | CA NO. 7-06CV-106-R |
| | § | |
| THE CITY OF WICHITA FALLS, TEXAS, | § | |
|     Defendant | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's **MOTION TO DISMISS** (filed November 14, 2006) (Dkt. 25), Plaintiff's **RESPONSE TO MOTION TO DISMISS** (filed December 14, 2006) (Dkt. 27), and Defendant's **REPLY** (filed December 29, 2006) (Dkt. 28).   After careful consideration of all parties's submissions and the law applicable to the issues before the Court, the Court **GRANTS** the Motion to Dismiss.

## I. BACKGROUND

Plaintiffs, a group of police officers (Officers),  filed suit against the City of Wichita Falls (City) for alleged violations pursuant to 42 U.S.C. § 1983 and the Texas Tort Claims Act.

Officers claim that an employee of the City of Wichita Falls, Tiffany Marie Green, stole personal information about the officers and disseminated it to drug dealers and others under criminal investigation. Officers argue that the City had a deliberate custom and practice of employing persons with criminal histories, backgrounds, and propensities thus establishing municipal liability.

The City has filed a Motion to Dismiss for failure to state a claim upon which relief may be granted on all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants argue that Plaintiffs have failed  to (1) allege any cognizable basis for municipal liability, (2)

identify a municipal policy or custom, and (3) allege a violation of a federally protected right. Lastly, Defendants claim the state tort claim is barred by sovereign immunity.

## II. ANALYSIS

### A.  Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted.  *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.  *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle it to relief.  *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994).  The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims.  *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997).  "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *see also Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002). A complaint must set forth factual allegations respecting each material element necessary to sustain recovery on some actionable theory. *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.,* 332 F.3d 6, 19 (1st Cir. 2003).

**B.     Officers have failed to state a claim under 42 U.S.C. §  1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights secured by the constitution or laws of the United States. *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d. 521, 525 (5th Cir. 1994). Further, municipal liability under section  1983 requires proof of three elements in addition to the underlying claim of a violation of rights: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Cox v. City of Dallas,* 430 F.3d 734, 748 (5th Cir.2005).  Here, the Officers' complaint fails to allege a constitutional violation.  The Officers' claim is based on the fact that the City employed a tortfeasor. These allegations taken as true, do no not support a claim under section  1983. Municipalities cannot be liable for civil rights violations under a theory of *respondeat superior* or vicarious liability. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Further, isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984).

Secondly, the Officers have alleged one isolated incident that does not suffice as evidence of a municipal custom, nor have Officers identified a policymaker. "Boiler plate allegations of municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient." *Baxter v. Vigo County Schl. Corp*., 26 F.3d 728, 736 (7th Cir.1994). Additionally, Plaintiffs have failed to sufficiently plead any causal connection between the alleged unconstitutional policy or custom and the harm alleged to have occurred.

Officers have failed to allege facts respecting each material element of their claim. *See Podiatrist Ass'n,* 332 F.3d at19. Therefore, the claims under 42 U.S.C. § 1983 are hereby dismissed.

**C.     Tort claims against the City are barred by governmental immunity.**

The Texas Tort Claims Act provides a limited waiver of governmental immunity when certain conditions are met. The Act in part provides as follows:

> A governmental unit in the state may be sued for:
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code. Ann. § 101.021 (Vernon 2005). Waiver of governmental immunity has not occurred in this case. Even taking the Officers' facts as true, they cannot form the basis for liability under the Texas Tort Claims Act because information does not constitute tangible personal property. *See Sawyer v. Tex. Dep't of Crim. Justice,* 983 S.W.2d 310, 312 (Tex. App. - Houston [1st Dist.] 1998, pet. denied)("[A] governmental entity does not waive its sovereign immunity by using or misusing information."); *see Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994). Therefore, tort claims in this case are hereby dismissed.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss on all of Plaintiff's claims.

**It is so ORDERED.**
         **SIGNED this 30th** day of March, 2007.

*Jerry Buchmeyer*
_____

**JERRY BUCHMEYER**
**SENIOR UNITED STATES**
**DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**